UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Laura Bernstein,
individually and on behalf of
All Others Similarly Situated,

Civil No. 08-5874 (DWF/JSM)

Plaintiff,

v.

**ORDER AND MEMORANDUM**

Extendicare Health Services, Inc. and
Extendicare Homes, Inc.

Defendants.

---

Brad J. Moore, Esq., Kevin Coluccio, Esq., and Paul L. Stritmatter, Esq., Stritmatter Kessler Whelan Coluccio; David M. Medby, Esq., and Stephen M. Garcia, Esq., The Garcia Law Firm; and Gale D. Pearson, Esq., Kenneth L. LaBore, Esq., Stephen J. Randall, Esq., and Suzanne M. Scheller, Esq., Pearson, Randall & Schumacher, PA, counsel for Plaintiff.

Barbara J. Duffy, Esq., Ryan P. McBride, Esq., and Vicki L. Smith, Esq., Lane Powell PC; and Steven E. Rau, Esq., Flynn Gaskins & Bennett, LLP, counsel for Defendants.

---

This matter is before the Court upon a Motion for Costs and Attorneys' Fees brought by Defendants Extendicare Health Services, Inc. and Extendicare Homes, Inc. ("Defendants"). Based upon the submissions and argument in this case, the Court having reviewed the contents of the file and record, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendants' Motion for Costs and Attorneys' Fees (Doc. No. 35) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Defendants request for an award of attorneys' fees is **DENIED**;

   b. Defendants request for an award of costs in the amount of $3,428.13 is **GRANTED**.

2. Defendants shall have judgment, jointly and severally, against the law firms of Stritmatter Kessler Whelan Coluccio; The Garcia Law Firm; and Pearson, Randall, Schumacher & LaBore, PA.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 24, 2009
s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Plaintiff Laura Bernstein ("Plaintiff") brought suit against Defendants alleging violations of Minnesota's consumer protection statutes, including the Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68-.70, the Deceptive Trade Practices Act ("DTPA"), Minn. Stat. §§ 325D.43-.48, and the False Statement in Advertisement law,

Minn. Stat. § 325F.67.[1]  In a Memorandum Opinion and Order issued on March 4, 2009 (the "March 4 Order"), the Court dismissed Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), concluding that Plaintiff failed to state a claim against Defendants upon which relief could be granted.  In doing so, the Court considered both Plaintiff's original Complaint and Plaintiff's First Amended Complaint, which Plaintiff filed during the hearing on Defendants' motion to dismiss.[2]  The Court reasoned that Plaintiff failed to state a claim because the statements on which she relied were general and non-specific and, therefore, were akin to puffery, and that some were merely restatements of existing legal obligations imposed by federal and state statutes and regulations.

Following the Court's dismissal of her case, the Court granted Plaintiff leave to file a motion for reconsideration pursuant to Local Rule 7.1(g) with regard to two provisions of the Defendants' admission agreement.  In an Order dated June 11, 2009 (the "June 11 Order"), the Court denied reconsideration, on the ground that Plaintiff's allegations essentially challenged the quality of the services Defendants' provided, the alleged misrepresentations merely stated obligations imposed under federal and state laws and regulations, and Plaintiff had not alleged a causal nexus between the statements and any injury she suffered.  Therefore, Plaintiff's allegations were insufficient to state a claim upon which the Court could grant relief.

---

[1]  Plaintiff also initially asserted a claim under the Minnesota Vulnerable Adults Act ("VAA"), Minn. Stat. §§ 626.557 and 626.5572, but she abandoned this claim when she filed her Amended Complaint.

[2]  The First Amended Complaint also added two additional plaintiffs, Lavina Anderson and Marjorie Ditter.

During the course of this litigation, Defendants filed the present motion requesting that the Court award their costs and attorneys' fees for their successful motion to dismiss pursuant to the DTPA, Minn. Stat. § 325D.45, subd. 2, and under 28 U.S.C. § 1927. The Defendants sought the award against Plaintiff's counsel, rather than against Plaintiff herself. The Court has carefully considered this request and, notwithstanding the many persuasive and compelling arguments Defendants made in favor of the requested relief, the Court declines to award attorneys' fees to Defendants in this case. The Court, however, will award Defendants their requested costs.

## I. DTPA

The DTPA provides that "[c]osts shall be allowed to the prevailing party unless the court otherwise directs." Minn. Stat. § 325D.45, subd. 2. Defendants are the prevailing party, and the Court sees no reason to direct that Defendants should be treated in a manner other than that provided by the DTPA. Defendants incurred $6,197.96 in costs as of the date of the present motion, but indicate that they seek to recover only those costs attributable to their successful motion to dismiss, which they estimate are in the amount of $3,428.13. (Aff. of Barbara J. Duffy in Supp. of Defs.' Mot. for Costs and Attorneys' Fees ("Duffy Aff.") ¶ 11, Exs. G, H, I.) The Court finds this amount to be reasonable. The Court, therefore, awards to Defendants costs in the amount of

$3,428.13.[3]  This award is made against Plaintiff's counsel and not against the Plaintiff as an individual.[4]

The DTPA further permits a court to award "attorneys' fees to the prevailing party if . . . the party complaining of a deceptive trade practice has brought an action knowing it to be groundless." *Id.*  The determination as to whether to award attorneys' fees under the DTPA is within the discretion of this Court.  *Scott Fetzer Co. v. Williamson*, 101 F.3d 549, 556 (8th Cir. 1996).

Defendants assert that an award of attorneys' fees is proper because Plaintiff's counsel "recycled" a complaint filed in another federal court in Washington state.  *Steele v. Extendicare Health Servs., Inc.*, Case No. C08-1332JCC  (W.D. Wash. filed Sept. 5, 2008).  As in *Steele,* the original focus of the Complaint filed in this matter was on statements made on the Defendants website, even though the Complaint did not allege

---

[3]  A portion of the costs allowed are attributable to computerized legal research. Computerized legal research is considered to be a component of an attorney's fees and cannot be awarded as a cost in addition to an award of fees.  *Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993).  Here, however, the Court declines to award attorneys' fees and, therefore, an award of costs including computerized legal research does not duplicate any other awarded amount.

[4]  Defendants sought an award against Plaintiff's counsel, rather than against the Plaintiff.  The Court agrees with this course of action and finds that the driving force behind the costs incurred was not Plaintiff, who is a vulnerable nursing home resident, but her counsel.  The Court has avoided labeling this litigation as "lawyer driven," however, there were a number of indications that this case could appropriately be characterized as such.  The Court does not intend to imply that Plaintiff and her fellow nursing home residents have no valid claims against the Defendants.  The Court expressly dismissed the Plaintiff's complaint without prejudice so that she could pursue any such claims.

that Plaintiff in this matter saw or relied upon such statements. Defendants contend that Plaintiff's strategy changed with the filing of the Amended Complaint, as it did in *Steele*, but that this new strategy focusing on the terms of Defendants' admissions agreement was also without legal or factual basis. Defendants argue that Plaintiff's counsel inadequately investigated and mispled Plaintiff's case. Defendants assert Plaintiff's counsel intended to mire the Defendant down in lengthy, voluminous, and expensive discovery until either the Defendants settled to avoid additional expense or until Plaintiff's counsel's flailing around in discovery resulted in finding a Plaintiff with an actionable case, essentially in order to collect class action attorneys' fees.

Defendants ultimately argue that, as a result of these deficiencies, Plaintiff's case failed to meet the standard articulated in *Bell Atlantic Corporation v. Twombly,* 127 S. Ct. 1955, 1964-65, 1974 (2007), that a complaint must allege "enough facts to state a claim to relief that is plausible on its face," contain enough specificity "to raise a right to relief above the speculative level," and "raise a reasonable expectation that discovery will reveal evidence of [the claim]." Defendants contend that Plaintiff's counsel brought this action knowing it to be groundless and, therefore, that an award of attorneys' fees is warranted.

This case represents an extremely close call for the Court. The Court's review of Plaintiff's Complaint and the complaint filed in federal district court in Washington state shows that many paragraphs of the two are identical or extremely similar. (Duffy Aff. ¶ 2, Exs. A, B.) Plaintiff's counsel contends that the similarity arises because Defendants

6

adopted standard operating practices at all of their facilities. While that may be true, the Court concludes that the two complaints are of a boilerplate quality.

Further, the Court dismissed the action at a very early stage, on the pleadings upon a motion pursuant to Federal Rule 12(b)(6), and though it entertained a motion for reconsideration, the Court denied the motion determining that its decision should stand. Thus, this case is unlike those in which ultimately unsuccessful allegations nevertheless have sufficient merit to survive the motion practice stage of litigation. *See, e.g., Scott v. Mego Int'l, Inc.*, 524 F. Supp. 74 (D. Minn. 1981) (deciding that award of attorneys' fees was not warranted under the DTPA because plaintiff withstood motions for summary judgment and to dismiss and partially prevailed on the merits).

Notwithstanding these considerations, the Court is mindful of the Minnesota Supreme Court's recognition that Minnesota's consumer protection statutes, including the DTPA, "reflect a clear legislative policy encouraging aggressive prosecution of statutory violations." *State by Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 495 (1996). Given this, the DTPA's requirement that a party know a claim is groundless before attorneys' fees may be awarded represents a fairly high bar. Further, the Court notes that, though the Court determined that Plaintiff failed to state a claim, the failure of a legal theory to survive review does not indicate that the proponent of that theory knew it to be groundless. In addition, in considering how heavy the burden should be to prove knowledge that a claim was groundless, the Court considers the possibility that attorney fee awards could have a chilling effect on those who represent vulnerable citizens and others who have claims under Minnesota's consumer protection statutes and who wish to

try new and untested legal theories in the course of such representation. Finally, the Court takes into account that the *Steele* matter was pending in federal court in Washington state at the time that this litigation was filed. Ultimately, the court in *Steele* granted Defendants' motion for summary judgment and dismissed the case with prejudice. *Steele*, 607 F. Supp. 2d 1226 (W.D. Wash. 2009). Had the outcome in *Steele* been finally determined prior to the filing of this case, it would have served as a warning to Plaintiff's counsel as to the likelihood of success on the merits. Such outcome was, however, unknown until after the Court issued the March 4 Order.[5]

After careful consideration, on the record before it, the Court determines that it cannot conclude that Plaintiff's attorneys knew Plaintiff's claims were groundless at the time they were brought. Therefore, the Court declines to award attorneys' fees under the DTPA.

**II.     28 U.S.C. § 1927**

Under 28 U.S.C. § 1927, an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 warrants sanctions when an attorney's conduct "viewed objectively,

---

[5]     The Court notes that Plaintiff's counsel may not, in good faith, maintain that allegations such as the ones presented in *Steele* and before this Court have merit in subsequent litigation. Plaintiff's counsel's efforts have resulted in judgment against their clients in one case and dismissal on the pleadings without prejudice in another, the latter an outcome that Defendants' counsel characterized as a gift. Therefore, if Plaintiff's counsel persists in bringing cases with similar facts and under the theories advanced thus far, the outcome of a motion for attorneys' fees under a statute similar to the DTPA likely would be different from the one the Court reaches today.

manifests either intentional or reckless disregard of the attorney's duties to the court." *Tenkku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003) (quoting *Perkins v. Spivey,* 911 F.2d 22, 36 (8th Cir. 1990)); *see also Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (sanctions award appropriate "when an attorney has acted in an 'objectively unreasonable manner' by engaging in 'serious and studied disregard for the orderly process of justice,' pursued a claim that is 'without a plausible legal or factual basis and lacking in justification,' or 'pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound'") (internal citations omitted)).

"Because section 1927 is penal in nature, it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing his client.'" *Lee v. L.B. Sales, Inc.,* 177 F.3d 714, 718 (8th Cir. 1999) (quoting *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.,* 38 F.3d 1414, 1416 (5th Cir. 1994)); *see also F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994) ("[p]unishment under [Section 1927] is sparingly applied"). The decision as to whether to award attorneys' fees and costs under Section 1927 is within this Court's discretion. *Gundacker v. Unisys Corp.*, 151 F.3d 842, 849 (8th Cir. 1998).

The Court finds that an award of attorneys' fees pursuant to 28 U.S.C. § 1927 is not warranted in this case. First, the Court dismissed this case at an early stage which, of necessity, decreased the time for and number of potential proceedings and the possible costs of this action to Defendants. Defendants argue that this case was duplicative of the *Steele* matter and represented a meritless, nationwide attack on them by Plaintiff's

counsel. While that may be true, the case before this Court did not involve a multiplicity of proceedings as contemplated by the statute. Second, the Court cannot conclude that Plaintiff's counsel's conduct in this case was unreasonable or vexatious in the manner found in cases in which fees have been awarded. *See, e.g., Tenkku*, 348 F.3d at 744 (upholding an award of attorney fees and costs where district court found a motion for sanctions was the "latest example of a pattern of unnecessary and hostile pleadings the court has been forced to review in this matter," all of which "created unnecessary and protracted delays in discovery"), *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) (upholding award of attorney fees and costs where plaintiff's counsel asserted class action claims and permitted the action to proceed for more than a year and a half before abandoning the claims without explanation, allowing the claims to "dominate[] discovery and motion practice for an extended period," and causing the defendants to incur additional costs). Given these considerations and the direction that relief under Section 1927 is to be sparingly granted, the Court determines it should not award attorneys' fees under this statute in this case.

D.W.F.